Case 1:18-cv-00022   Document 12   Filed on 05/22/18 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
May 22, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **RICHARD BRUCE THARPE,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. B-18-22 | |
| § | | |
| **AFFINION BENEFITS GROUP, LLC,** § | | |
| Defendant. § | | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On February 1, 2018, this case was removed to this Court from the County Court at Law #2 in Cameron County, Texas. Dkt. No. 1.

On February 28, 2018, Plaintiff Richard Bruce Tharpe ("Tharpe") filed a motion to remand the case, asserting that the amount in controversy did not exceed $75,000, based upon his post-removal amendment of his state court complaint. Dkt. No. 5. That motion is currently pending before the Court. Defendant Affinion Benefits Group, LLC ("Affinion") has filed a response. Dkt. No. 6. Tharpe filed a reply. Dkt. Nos. 7, 8.

On April 18, 2018, Tharpe filed a motion for leave to amend his complaint to add two non-diverse defendants. Dkt. No. 9. That motion is also currently pending before the Court. On May 9, 2018, Affinion filed a response. Dkt. No. 11.

After reviewing the record and the relevant case law, the Court recommends that the motion to remand and the motion for leave to amend be denied.[1]

---

[1] On February 28, 2018, Affinion filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. No. 4. That motion is not addressed in this Report and Recommendation, which only addresses the motions that bear on the question of jurisdiction. The Court will address the motion to dismiss, if necessary, after the instant motions are resolved.

**I. Background**

    **A. Factual Background**[2]

At some unspecified time, Tharpe purchased a life and disability insurance policy from Affinion. Dkt. No. 1-2, p. 4. Tharpe alleges that he paid the "premiums faithfully and on time for a number of years." Id.

On May 15, 2017, Affinion cancelled the insurance policy "due to lack of payment," but Tharpe alleges that he never received notice of this cancellation. Id. When Tharpe later called Affinion to inquire "regarding the status" of his policy, he was informed that it had been cancelled for non-payment. Id.

On September 20, 2017, Tharpe sent a certified letter to Affinion, along with a monthly premium payment of $148.50, "demanding that [his] insurance policy be reinstated." Id. On October 2, 2017, Affinion sent a letter to Tharpe, returning the check uncashed and informing him that the policy was cancelled. Id.

On October 27, 2017, Tharpe sued Affinion in the County Court at Law #2 in Cameron County, Texas. Dkt. No. 1-2, p. 3. Tharpe made claims of bad faith, insurance fraud, and false and/or misleading advertising against Affinion. Id, p. 5. The petition did not state an amount in controversy or provide a range of damages. See TEX. R. CIV. P. 47(c) (setting range of damage categories under Texas law).

On January 19, 2018, Tharpe emailed Affinion's attorneys a demand letter "for the full amount of the policy or $250,000 in full and final settlement." Dkt. No. 1-5.

---

[2] Unless otherwise noted, the factual background is taken from Tharpe's state court complaint at the time of removal. In deciding a motion to remand, "the district court ordinarily should assume that all facts alleged in a plaintiff's state court petition are true." Ford v. Elsbury, 32 F.3d 931, 938 (5th Cir. 1994).

**B. Procedural History**

On February 1, 2018, Affinion timely removed the case to this Court.[3] Dkt. No. 1. In the removal petition, Affinion alleged that all of the elements for diversity jurisdiction are present in this case. Tharpe is a citizen of Texas and Affinion is a citizen of Connecticut and Delaware. Id, p. 4. Affinion further alleged that the amount in controversy at the time of removal exceeded $75,000, based upon Tharpe's demand letter. Id, pp. 3-4.

On February 28, 2018, Tharpe timely filed a motion to remand the case to state court. Dkt. No. 5. Tharpe does not appear to dispute that he and Affinion are citizens of different states. Id. Instead, Tharpe argues that the amount in controversy has not been met, because he filed a post-removal amended petition in state court that stipulated that the amount in controversy was less than $75,000 and because that amended petition added two non-diverse defendants. Dkt. No. 5-1.

On March 21, 2018, Affinion responded to the motion to remand. Dkt. No. 6. In its response, Affinion asserts that the removal to federal court divested the state court of jurisdiction and that the removal rendered Tharpe's post-removal amended state court petition "void" as a legal nullity. Id. Affinion further asserts that even if the post-removal amended petition was valid, any post-removal amendments to the amount in controversy do not change the Court's jurisdiction. Id.

On April 17, 2018, Tharpe filed a reply brief. Dkt. No. 10.

On April 18, 2018, Tharpe filed a motion for leave to amend his complaint to add claims against International Bank of Commerce and IBC Insurance Agency, Inc. Dkt. No. 9. Tharpe does not specify the claims he intends to make against these proposed additional defendants, but – in his post-removal amended state petition – he claimed that Affinion "worked with" International Bank and IBC Insurance to "market its insurance" to Tharpe.

---

[3] As discussed further below, Affinion timely removed this case after receiving the demand letter, which served as "other paper" to start the 30-day removal clock. 28 U.S.C. § 1446(b)(3).

3

Dkt. No. 5-1, p. 2.  The motion for leave to amend alleges that these acts make all three defendants jointly and severally liable. Id.   The motion further alleges that International Bank and IBC Insurance are citizens of Texas. Id.

On May 9, 2018, Affinion filed a response, opposing the motion for leave to amend. Dkt. No. 11.  Affinion argues that Tharpe has not met the standard necessary to amend a complaint to add non-diverse parties. Id.

## II. Applicable Law

### A.  Diversity Jurisdiction

United States District Courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1).  Neither party challenges the diversity of citizenship in this case. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 553 (2005)(requiring complete diversity of citizenship).  Instead, the jurisdictional challenge centers around the amount in controversy.

### B. Removal

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable" to federal court. 28 U.S.C. § 1441(a)-(b).  The party seeking removal bears the burden of showing that jurisdiction exists and that removal is proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995).  Jurisdiction is determined by examining the claims in the state court petition at the time of removal. Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.

As relevant here, removal based on diversity of citizenship must be done within 30 days of service of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  A demand letter issued after a complaint is filed can serve as "other paper" for purposes of removal. Addo v. Globe Life & Acc. Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000).

**C. Amount In Controversy**

Defendant bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882-83 (5th Cir. 2000). If the state court petition does not ask for a sum certain, "[t]he defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." Id.

**D. Amendment**

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). This statute – rather than FED. R. CIV. P. 15 – controls motions to amend to add non-diverse defendants. Moore v. Manns, 732 F.3d 454, 456 (5th Cir. 2013).

"The district court should scrutinize an amended pleading naming a new nondiverse defendant in a removed case more closely than an ordinary amendment." Moore, 732 F.3d at 456 (quoting Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir.1987)) (internal quotations omitted). The Court must consider the following factors when faced with a motion to amend to add a non-diverse defendant "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Priester v. JP Morgan Chase Bank, N.A., 708 F.3d 667, 679 (5th Cir. 2013) (citing Hensgens).

**III. Analysis**

At this stage, there are two issues for the Court to resolve: (A) whether Affinion has established, by a preponderance of the evidence, that – at the time of removal – the amount in controversy exceeded $75,000; and (B) whether Tharpe should be permitted to amend his complaint to add International Bank of Commerce and IBC Insurance as non-diverse defendants. Each issue is addressed in turn.

### A. Amount in Controversy

As noted earlier, the burden of proving a sufficient amount in controversy lies solely with Affinion, because they removed the case to this Court. Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 638 (5th Cir. 2003) ("The party seeking to invoke federal diversity jurisdiction bears the burden of establishing . . . that the amount in controversy exceeds $75,000."). Affinion must meet this burden by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B). Furthermore, "[a]ny ambiguities are construed against removal and in favor of remand to state court." Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013).

Tharpe's state court complaint did not list a sum or range of damages. Dkt. No. 1-2, pp. 3-8. However, on January 12, 2018, Tharpe sent Affinion a demand letter seeking $250,000 in damages. Dkt. No. 1-5. The Fifth Circuit has determined that a demand letter, sent after the complaint is filed, can serve as "notice that the amount in controversy exceeded $75,000." Addo, 230 F.3d at 761. The demand letter clearly put Affinion on notice that Tharpe was seeking more than $75,000 in damages and supported removal to this Court.

Tharpe's post-removal amendments do not change this fact. As an initial matter, Tharpe filed his post-removal amendments in state court. Once the case was removed to this Court, the state court lost all jurisdiction over the matter. 28 U.S.C. § 1446(d). "The Fifth Circuit case law has been quite consistent in holding that the state court ceases to have jurisdiction when the state court is given notice" of removal. McAdams v. Medtronic, Inc., No. CIV. A. H-10-2336, 2010 WL 2710393, at *3 (S.D. Tex. July 7, 2010). Thus, any amendments filed in state court are a legal nullity. Mauer v. Wal-Mart Stores, Inc., No. 3:16-CV-2085-BN, 2016 WL 5815892, at *7 (N.D. Tex. Oct. 5, 2016).

Even if these amendments were not legally void, the amendments would not alter the jurisdictional analysis. The Fifth Circuit has consistently held that "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive

6

the district court of jurisdiction." <u>Gebbia</u>, 233 F.3d at 883. Thus, Tharpe's post-removal amendment – to limit the amount in controversy to $75,000 or less – does not impact the Court's jurisdiction.

### B. Amendment

Tharpe has moved to add International Bank of Commerce and IBC Insurance as defendants in this case. This motion to amend, if granted, would deprive the Court of jurisdiction. 28 U.S.C. § 1447(e) (noting that, if the Court grants the motion to amend – which destroys complete diversity – the Court shall "remand the action to the State court."). For the following reasons, the motion to amend should be denied.

As discussed earlier, the Court must use the <u>Hensgens</u> factors to determine whether the amendment should be permitted. <u>Priester</u>, 708 F.3d at 679. Those factors require a determination as to: (1) what the extent the amendment's purpose is to defeat federal court jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; (4) any other factor bearing on the equities. Each of these factors is addressed below.

#### 1. Purpose

Based upon the facts presently before the Court, it would appear that Tharpe is adding International Bank of Commerce and IBC Insurance as defendants solely for the purpose of defeating federal court jurisdiction. The facts indicate that Tharpe did not seek to add these defendants, until after removal had been effectuated. Presumably, Tharpe was aware of these entities and their role in this case from the beginning. This conclusion follows from Tharpe's claims that International Bank of Commerce and IBC Insurance "marketed" the policies to him "through their businesses." Dkt. No. 5-1, p. 2. If the entities "marketed" the policies, Tharpe was clearly aware of their existence.

"[W]hen the plaintiff knew about the nondiverse party's activities at the time the suit was originally brought in state court but still chose not to include that party as an original defendant, courts have viewed any later attempt to add the nondiverse party as a defendant

7

as nothing more than an attempt to destroy diversity." Irigoyen v. State Farm Lloyds, No. CA-C-03-324-H, 2004 WL 398553, at *3 (S.D. Tex. Jan. 5, 2004). Tharpe has pointed to nothing to indicate why he did not add International Bank of Commerce and IBC Insurance as defendants in his original pleadings. Given this failure, this factor weighs heavily against amendment.

### 2. Diligence

In a related inquiry, the Court must examine whether Tharpe has been dilatory in adding International Bank of Commerce and IBC Insurance as defendants. The facts indicate dilatory conduct.

Tharpe filed his original state court complaint on October 27, 2017. Dkt. No. 1-2, p. 3. He did not attempt to amend his complaint, to add International Bank of Commerce and IBC Insurance as defendants, until the post-removal state court amendment in February 2018, which was more than three months after the original complaint was filed. Dkt. No. 5. Indeed, he did not seek to amend his complaint in this Court until April 18, 2018, almost six months after his original state court petition was filed and two and one-half months after the case was removed to this Court. Dkt. No. 9.

Courts have viewed plaintiffs, who filed their proposed amendments sooner than Tharpe filed his, as dilatory in seeking such amendments. Golden v. Gen. Motors LLC, No. 1:17-CV-606-RP, 2017 WL 5633465, at *2 (W.D. Tex. Nov. 22, 2017) ("Three and a half months after the complaint was filed and more than two months after the case was removed constitutes considerable delay"); Phillips v. Delta Air Lines, Inc., 192 F. Supp. 2d 727, 729 (E.D. Tex. 2001) (waiting "over two months from the time the Original Petition was filed, and almost thirty days after removal before asking" to amend the complaint was dilatory.); WNWSR, L.L.C. v. Chesapeake Energy Corp., No. CV 4:15-1860, 2015 WL 7357840, at *5 (S.D. Tex. Nov. 19, 2015) (waiting "more than three months after filing the Original Petition in state court, and more than two months after Defendant removed the action to federal court" was "dilatory conduct."); Rouf v. Cricket Commc'ns, Inc., No. CIV.A. H-13-2778,

8

2013 WL 6079255, at *3 (S.D. Tex. Nov. 19, 2013) (waiting until "over a month after the case was originally filed and one month after the notice of removal was filed" was "sufficiently dilatory"); Gill v. Michelin N. Am., Inc., 3 F. Supp. 3d 579, 586 (W.D. Tex. 2013) (motion to amend filed "three weeks after removal" was considered dilatory).

On the other hand, a plaintiff was held to not be dilatory when it filed the amendment "six minutes after the [defendant] filed their Notice of Removal." LJH, Ltd. v. Comerica Inc., No. 4:15-CV-639, 2016 WL 69912, at *3 (E.D. Tex. Jan. 6, 2016). The contrast seems obvious.

Tharpe's delay in this case was dilatory; he did not file a motion to amend in a court with jurisdiction over the case until nearly six months after the original state court petition was filed and more than two months after this case was removed to this Court. As such, this factor also weighs against amendment.

### 3. Prejudice

The Court must consider whether Tharpe would be prejudiced by the denial of the motion to amend. There appears to be no prejudice resulting from the denial.

Tharpe seeks to sue Affinion, International Bank of Commerce, and IBC Insurance as "jointly and severally liable for the injuries and damages" that he suffered. Dkt. No. 5-1, p. 2. Thus, he does not seek separate recovery from each defendant, but, instead, seeks to have each defendant available to satisfy any judgment that he might receive. See Am. Star Energy & Minerals Corp. v. Stowers, 457 S.W.3d 427, 432 (Tex. 2015) (noting that joint and several liability means a successful plaintiff "can seek the whole debt from one party and is not required to [. . .] apportion liability among them."). In fact, Tharpe has provided no evidence that Affinion would be unable to solely pay any judgment that he might receive at trial. Courts have consistently held that if the plaintiff can made whole by the defendants remaining in the case, there is no prejudice in denying the motion to amend. Gill, 3 F. Supp. 3d at 586; Rouf, 2013 WL 6079255, at *3; Feuerbacher v. Wells Fargo Bank, No. 4:15CV59, 2015 WL 7756128, at *3 (E.D. Tex. Dec. 1, 2015). Accordingly, this factor also weighs in

9

favor of denying the motion to amend.

### 4. Equities

There is no indication in the record of any other equities which would bear on the fairness of granting or denying the motion to amend. Accordingly, this factor is neutral.

### 5. Conclusion

After weighing the applicable factors, the predicate for permitting the amendment is lacking. The motion seems to be solely for the purpose of defeating diversity jurisdiction. Further, the delay in seeking the amendment satisfies the criteria for being dilatory. Finally, Tharpe will not be prejudiced by denial of the motion. For these reasons, the motion for leave to amend should be denied.

## IV. Recommendation

It is recommended that the motion to remand filed by Richard Bruce Tharpe, Dkt. No. 5, be denied.

It is further recommended that Tharpe's motion for leave to amend his complaint also be denied. Dkt. No. 9.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. <u>See</u> § 636(b)(1); <u>Thomas v Arn</u>, 474 U.S. 140, 149 (1985);

Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

    DONE at Brownsville, Texas, on May 22, 2018.

                                      _____
                                      Ronald G. Morgan
                                      United States Magistrate Judge